# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:22-cv-00003-MR

| | | |
|---|---|---|
| QUAMAINE DESHAWN CARMICHAEL, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| JOHNNY XAYAVONG, | ) | **ORDER** |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Dispositive Motion for Reconsideration of Protective Order." [Doc. 26].

The Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. The Complaint passed initial review against Defendant Johnny Xayavong, a former correctional officer, for the use of excessive force. [Doc. 8]. The Defendant has filed an Answer [Doc. 18], and the Court entered a Pretrial Order and Case Management Plan setting the discovery cutoff date as November 7, 2022, and making dispositive motions due on December 7, 2022[1] [Doc. 19]. On August 23,

---

[1] On December 8, 2022, the deadline to file dispositive motions was extended to January 23, 2023. [Dec. 8, 2022 Text-Only Order].

Defendant Xayavong filed Motions to extend the time to respond to the Plaintiff's discovery requests [Doc. 21], and for the entry of a Protective Order [Doc. 22]. Counsel explained that an extension of time would allow counsel to request and review potential responsive documents, discuss the same with the Defendant, who is no longer employed with NCDPS, and draft responses to the Plaintiff's discovery requests; and that a Protective Order was needed to control the production of confidential documents, materials, and information. [Docs. 21, 22]. On August 23, 2022, the Court extended the Defendant's time to respond to the Plaintiff's discovery request until October 17, 2022 [Aug. 23, 2022 Text-Only Order], and on September 6, 2022 it entered a Protective Order [Doc. 23]. The Court received the Plaintiff's Responses to the Defendants' Motions for an extension of time and for the entry of a protective order on September 6 and 8, 2022, respectively. [Docs. 24, 25].

In the instant Motion, the Plaintiff complains that the Protective Order was entered before he had the opportunity to respond, and he asks the Court to reconsider the Protective Order for the reasons stated in his Response. [Doc. 26; see Doc. 25]. The Plaintiff appears to believe that the Defendant acted in bad faith by requesting a Protective Order before reviewing the Plaintiff's discovery requests and the responsive materials, and that the

Defendant is seeking to avoid producing discovery by requesting a Protective Order. [Doc. 25]. The Plaintiff also complains that counsel did not confer with him before moving for the entry of a Protective Order pursuant to LCvR 7.1. [Id.].

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). The Plaintiff has stated no basis for reconsidering the Protective Order. Moreover, he appears to misunderstand the purpose of the Protective Order at issue. The Protective Order does not allow the Defendant to avoid responding to the Plaintiff's discovery requests; rather, it facilitates the production of Confidential Information by ensuring its proper handing under state and federal law. [See Doc. 23]. Nor was the Defendant obligated to confer with the Plaintiff before moving for the entry of a Protective Order. [See LCvR 7.1(b)(2) ("Consultation is not required for … motions where the moving party is represented and the non-moving party is unrepresented….")]. The Plaintiff has stated no basis whatsoever for reconsidering the entry of the Protective Order, and therefore, the instant Motion for Reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's pro se "Dispositive Motion for Reconsideration of Protective Order" [Doc. 26] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 14, 2022

Martin Reidinger
Chief United States District Judge